UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN HALPRIN,<br><br>          Plaintiff,<br><br>  v.<br><br>LAKESIDE INN, INC.; et al.,<br><br>          Defendants. | 3:13-cv-0220-LRH-WGC<br><br>ORDER |

Before the court is defendant Lakeside Inn, Inc.'s ("Lakeside Inn") motion for summary judgment. Doc. #18.[1] Plaintiff Martin Halprin ("Halprin") filed an opposition (Doc. #23) to which Lakeside Inn replied (Doc. #25).

**I.    Facts and Background**

Plaintiff Halprin is a former employee of defendant Lakeside Inn, and was employed as a race and sports book writer from October 12, 2009, until November 9, 2011. Halprin alleges that he has a disability that requires him to sit for extended periods of time. To accommodate his disability during his employment, Halprin brought his own personal chair into the sports book employee area and left it there for his personal use.

On November 6, 2011, Halprin arrived for his weekend shift and found another sports book employee, Natalia Popovich ("Popovich"), sitting in his chair. Halprin and Popovich then engaged

---

[1] Refers to the court's docket number.

in a disagreement about Popovich's use of the chair which escalated into an argument in front of Lakeside Inn guests and other sports book employees. Robert Morell ("Morell"), the on-duty supervisor, sent both Halprin and Popovich home for the remainder of the day for behaving inappropriately in front of guests. Morell then wrote corrective counseling memorandums for both employees memorializing the incident and discipline.

Halprin had the next two days off. During his time off, he contacted Morell inquiring into what action would be required to make sure that his chair was made available to him during working hours. Morell instructed Halprin to bring a doctor's note of his disability for his employment records. This instruction was added to Halprin's corrective counseling memorandum. *See* Doc. #18, Exhibit 7 ("[B]ring in a doctor note stating his condition, so we will make sure a chair is available.").

On November 9, 2011, Halprin returned to work with a doctor's note stating that he could not stand for prolonged periods of time. At the beginning of his shift, Halprin presented the note to supervisor John Dominguez ("Dominguez"), the on-duty supervisor for the day. Dominguez allegedly informed Halprin that he could not take the doctor's note, and that the note had to be delivered to Lakeside Inn's Human Resource department. However, before he could deliver the note, Dominguez stated that they had to discuss the November 6th incident and that Halprin had to remove his chair from Lakeside Inn property. Halprin then left work, allegedly to remove the chair, and contacted Sheila Aquilina ("Aquilina"), Lakeside Inn's Human Resource department manager to set up an appointment to discuss his disability and employment. Later that day, Halprin met with both Aquilina and Dominguez. At the meeting Halprin was allegedly informed that they wanted to discuss the November 6th incident and his leaving work earlier that particular shift, rather than his disability, at which point he got up from the meeting and walked out. Halprin was subsequently terminated by Lakeside Inn.

On March 29, 2013, Halprin filed a complaint against Lakeside Inn alleging two causes of action: (1) disability discrimination under the Americans with Disabilities Act ("ADA"); and

(2) retaliation. Doc. #1, Exhibit A. Thereafter, Lakeside Inn filed the present motion for summary judgment on both claims. Doc. #18.

## II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.     Discussion**

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Under the *McDonnell-Douglas* burden-shifting framework, the plaintiff has the initial burden of establishing a *prima facie* case of discrimination. *See Raytheon v. Co. v. Hernandez*, 540 U.S. 44, 49-50 (2003) (applying burden-shifting analysis to ADA discrimination claim). To do so, the plaintiff must demonstrate that he (1) is disabled within the meaning of the ADA, (2) qualified for his position, and (3) suffered an adverse employment action because of his disability. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001) (citation omitted). If the plaintiff succeeds in establishing a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the defendant provides such a justification, the burden shifts back to the plaintiff to show that the defendant's justification is a mere pretext for discrimination. *Id.* at 804.

In addition to prohibiting discrimination based on a person's disability, the ADA also prohibits retaliation for engaging in protected activities. To establish a *prima facie* case of retaliation, a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. *Brooks*, 229 F.3d at 928 (citing *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997)). "Essential to casual link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

In its motion, Lakeside Inn argues that Halprin has failed to state a *prima facie* claim of discrimination or retaliation because Halprin did not suffer any adverse employment action as a

4

result of his disability.[2] *See* Doc. #18. In opposition, Halprin argues that he suffered three separate adverse employment actions by Lakeside Inn: (1) being sent home on November 6, 2011; (2) being ordered to leave work to take his chair home on November 9, 2011, thereby preventing him from performing his job; and (3) being terminated by Lakeside Inn on November 9, 2011. The court shall address each alleged adverse employment action below.

### 1. November 6, 2011 Incident

As to the November 6, 2011 incident, the court finds that Halprin was not subjected to any adverse employment action *because* of his disability. Rather, the undisputed evidence in this action establishes that Halprin and non-party Popovich got into a disagreement about Popovich's use of Halprin's personal chair during work hours and in front of Lakeside Inn guests. Morell, the supervisor on duty, sent both employees home for engaging in improper behavior during working hours. This discipline was not caused by, or was a result of, Halprin's disability, but was in fact a response to an employee argument in front of guests. *See* Doc. #18, Exhibit 3, Morell Depo. Therefore, the court finds that Halprin fails to state a *prima facie* claim of discrimination or retaliation arising from the November 6 incident as a matter of law.

### 2. November 9, 2011 Incidents

As to the two separate incidents on November 9, 2011, the court finds that there are disputed issues of material fact related to these incidents that preclude summary judgment. Although Lakeside Inn contends that Halprin walked off the job when supervisor Dominguez told Halprin that he wanted to discuss the November 6th incident, there is disputed evidence that Dominguez in fact ordered Halprin to remove his chair from Lakeside Inn property, thereby preventing him from performing his job that day and in disregard for his disability. Further, at the subsequent HR meeting, there are disputed issues of fact concerning whether Dominguez and Aquilina discussed Halprin's disability and employment with him or terminated him for walking

---

[2] For purposes of this motion, Lakeside Inn concedes that Halprin has sufficiently established that he is disabled and was qualified for his position as a sports book writer.

5

off the job earlier in the day despite being ordered to leave by Dominguez. These disputed issues go to the heart of this action and, in particular, whether Halprin quit his employment as Lakeside Inn contends, or whether Lakeside Inn failed to acknowledge Halprin's disability and engaged in activities that prevented him from performing his necessary duties, including ordering him to leave at the start of his shift. Therefore, the court shall deny Lakeside Inn's motion for summary judgment as to these alleged adverse employment actions.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #18) is GRANTED in-part and DENIED in-part in accordance with this order. Plaintiff's claims for discrimination and retaliation arising from the November 6, 2011 incident are DISMISSED from this action.

IT IS SO ORDERED.

DATED this 17th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE