UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| MARTIN HALPRIN, | ) | |
| | ) | |
| Plaintiff, | ) | 3:13-cv-0220-LRH-WGC |
| v. | ) | |
| | ) | |
| LAKESIDE INN, INC.; et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Martin Halprin's ("Halprin") Motion in Limine to Exclude the Testimony of Natalia Popovich ("Popovich"). Doc. #46.[1] Defendant Lakeside Inn, Inc. ("Lakeside Inn") filed an Opposition. Doc. #52.

Halprin is a former employee of Lakeside Inn, and was employed as a race and sports book writer from October 12, 2009, until November 9, 2011. Halprin alleges that he has a disability that requires him to sit for extended periods of time. To accommodate his disability during his employment, Halprin brought his own personal chair into the sports book employee area and left it there for his personal use.

On November 6, 2011, Halprin arrived for his weekend shift and found Popovich, another sports book employee, sitting in his chair. Halprin and Popovich then engaged in a disagreement about Popovich's use of the chair, which escalated into an argument in front of Lakeside Inn guests and other sports book employees. Robert Morell ("Morell"), the on-duty supervisor, sent both Halprin and Popovich home for the remainder of the day for behaving inappropriately in front of

---

[1] Refers to the Court's docket number.

guests. Morell then wrote corrective counseling memorandums for both employees memorializing the incident and discipline.

Halprin had the next two days off. During his time off, he contacted Morell inquiring into what action would be required to make sure that his chair was made available to him during working hours. Morell instructed Halprin to bring a doctor's note of his disability for his employment records. This instruction was added to Halprin's corrective counseling memorandum. *See* Doc. #18, Ex. 7 ("[B]ring in a doctor note stating his condition, so we will make sure a chair is available.").

On November 9, 2011, Halprin returned to work with a doctor's note stating that he could not stand for prolonged periods of time. At the beginning of his shift, Halprin presented the note to supervisor John Dominguez ("Dominguez"), the on-duty supervisor for the day. Dominguez allegedly informed Halprin that he could not take the doctor's note, and that the note had to be delivered to Lakeside Inn's Human Resources department. However, before he could deliver the note, Dominguez stated that they had to discuss the November 6, 2011, incident and that Halprin had to remove his chair from Lakeside Inn property. Halprin then left work, allegedly to remove the chair, and contacted Sheila Aquilina ("Aquilina"), Lakeside Inn's Human Resources department manager, to set up an appointment to discuss his disability and employment. Later that day, Halprin met with both Aquilina and Dominguez. At the meeting Halprin was allegedly informed that Aquilina and Dominguez wanted to discuss the November 6, 2011, incident and his leaving work early, rather than his disability, at which point he got up from the meeting and walked out. Halprin was subsequently terminated by Lakeside Inn.

On March 29, 2013, Halprin filed a Complaint against Lakeside Inn alleging two causes of action: (1) disability discrimination under the Americans with Disabilities Act ("ADA"); and (2) retaliation. Doc. #1, Ex. A. On June 17, 2014, the Court held that Halprin was not subject to an adverse employment action because of his disability based on the November 6, 2011, incident, but that there were disputed issues of material fact regarding the November 9, 2011, incidents. Doc.

2

#27 at 5. Here, Halprin argues that because the Court ruled that Popovich's actions on November 6, 2011, did not constitute discrimination, Popovich's testimony is not relevant to Plaintiff's claims or Defendant's defenses. Doc. #46 at 3.

Evidence is relevant and admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. The Court can "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is overly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human emotion." *United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995).

The Court does not believe that Popovich's testimony warrants exclusion at this time. The November 6, 2011, incident appears to have a rational relationship to Halprin's subsequent conversations with Aquilina and Dominguez, and his ultimate termination or constructive discharge. Popovich's testimony regarding the incident is likely relevant to provide the Jury with an understanding of what happened, how Halprin responded to the confrontation with Popovich, and what Halprin perceived to be the reason for his termination or constructive discharge. Accordingly, the Court denies Halprin's Motion in Limine to Exclude the Testimony of Natalia Popovich without prejudice.

IT IS THEREFORE ORDERED that Halprin's Motion in Limine to Exclude the Testimony of Natalia Popovich (Doc. #46) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 11th day of May, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE